**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUMPSPORT INC.,

    Plaintiff,

No. C 04-0199 PJH

    v.

**ORDER DENYING HEDSTROM'S MOTION FOR SUMMARY JUDGMENT**

HEDSTROM CORPORATION, et al.,

    Defendants.

_____/

Before this court is Hedstrom's motion for summary judgment. Having carefully read the parties' papers and considered the relevant legal authority, the court hereby DENIES the motion for the reasons that follow.

### BACKGROUND

Hedstrom requested leave to file an early summary judgment motion on the issue of whether res judicata bars Jumpsport from filing a new lawsuit against Hedstrom's non-JumpGuard products (products sold in non-unitized form). Jumpsport had originally sought to include those products in the first trial, but because its Infringement Contentions stated that it was only alleging infringement by the JumpGuard products, the court barred Jumpsport from asserting any claims against non-JumpGuard products at trial.

Hedstrom now argues that because Jumpsport could have asserted claims against the non-JumpGuard products at the time of the first trial, but did not, res judicata bars Jumpsport from relitigating the issue in a second lawsuit.

### DISCUSSION

A.     Legal Standard

    1.     Summary Judgment

Summary judgment is appropriate when the evidence shows there is no genuine issue

of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

2.  Res Judicata

In deciding res judicata issues, the Federal Circuit generally applies the regional law from which the case arose. See, e.g., Bayer AG v. Biovail Corp., 279 F.3d 1340, 1345 (Fed. Cir. 2002) (citation omitted). However, the Federal Circuit has also acknowledged that certain res judicata questions implicate issues unique to patent law, and will apply its own law in those circumstances. See Foster v. Hallco Manufacturing, Co., 947 F.2d 469, 475 (Fed. Cir. 1991) (applying Federal Circuit law as to res judicata in relation to consent decrees because question "was in substance a question of patent law"). See also, e.g., Dana v. E.S. Originals, Inc., 342 F.3d 1320, 1327-28 (Fed. Cir. 2003) (Dyk, J., dissenting) (conceding that Federal Circuit case law requires application of regional law on res judicata, but arguing that as a policy matter, the Federal Circuit should apply its own law instead).

In the Ninth Circuit, res judicata bars the relitigation of identical causes of action for which a final judgment has already been rendered and for which there was a full and fair opportunity to litigate the issue. Tahoe-Sierra Preservation Counsel v. Tahoe Regional Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003); see also, e.g., Montana v. United States, 440 U.S. 147, 153 (1979). For res judicata to apply, there must be 1) an identity of causes of action; 2) a final judgment on the merits; and 3) privity between the parties. See, e.g., Hydranautics v. Filmtec Corp., 204 F.3d 880, 887-88 (9th Cir. 2000), citing Blonder-Tongue Lab. v. University of Ill. Found., 402 U.S. 313, 323-24 (1971).

B.  Full and Fair Opportunity to Litigate

Hedstrom argues that Jumpsport either had a full opportunity to litigate its non-JumpGuard claims, or that Jumpsport has waived its right to litigate its non-JumpGuard claims because of its failure to raise them in the first litigation.

It is true that both Hedstrom and Jumpsport proceeded through pretrial discovery believing that both the JumpGuard and non-JumpGuard products were at issue in the case. However, once Hedstrom moved in limine to bar all non-JumpGuard products and the court

2

granted the request, it was clear that, based on the patent local rules, the non-JumpGuard products were not actually within the scope of the litigation at hand. See, e.g., Pat L. R. 3-6, 3-7 (restricting infringement contentions to those disclosed in the preliminary or final infringement contentions produced relatively early in the trial schedule); Integrated Circuit Sys., Inc. v. Realtek Semiconductor Co., 308 F.Supp. 2d 1106, 1107 (N.D. Cal. 2004) (noting that Pat. L. R. 3 was adopted to "require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed").

The court here refused to grant Jumpsport leave on the eve of trial to proceed against the non-JumpGuard products because Hedstrom claimed it would suffer grave prejudice if Jumpsport were allowed to add claims against the non-JumpGuard products to the trial. To do so would have been contrary to the Patent Local Rules, which embody a policy of early and binding disclosures. "Requiring, or even permitting a plaintiff to amend or supplement its disclosures as it discovers new products would remove the claim construction process from the control of the court and signal a return to the [undesirable] 'shifting sands' approach." Integrated Circuit, 308 F.Supp. 2d at 1107 (after deadlines have passed, lawsuit can proceed only against products disclosed in preliminary or final infringement contentions unless plaintiff can show good cause to amend).

In this circumstance, Jumpsport cannot be found to have had a full opportunity to litigate the non-JumpGuard claims in the first action. "When formal barriers [to presenting claims in the first action] in fact existed and were operative against a plaintiff in the first action, it is unfair to preclude [it] from a second action in which [it] can present those phases of the claim which [it] was disabled from presenting in the first." Restatement (Second) of Judgments § 26 cmt (c) at 1151. See also Kearns v. General Motors Corp., 94 F.3d 1553, 1556 (Fed. Cir. 1996) ("[w]hen applying res judicata to bar causes of action that were not before the court in the prior action, due process of law and the interest of justice require cautious restraint. Restraint is particularly warranted when the prior action was dismissed on procedural grounds."). In light of the fact that Jumpsport did not intend to waive its claims, and no judgment was issued on those products, res judicata cannot be said to bar this lawsuit.

### C. Same Claim

In addition, Hedstrom cannot show that the same claims are at issue in the second lawsuit that were litigated in the first. To determine whether this lawsuit raises the same cause of action as the first one under Ninth Circuit law, the court considers the following factors:

> 1) whether rights of interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; 2) whether substantially the same evidence is presented in the two actions; 3) whether the two suits involve infringement of the same right; and 4) whether the two suits arise out of the same transactional nucleus of facts.

In re Imperial Corp. of Amer., 92 F.3d 1503, 1506 (9th Cir. 1996).

Here, Hedstrom's non-JumpGuard products are different from the JumpGuard devices. Most notably, the non-JumpGuard products are not unitized with a trampoline. Thus, any findings for the non-JumpGuard products have no bearing on the previous findings concerning the JumpGuard ones, and different evidence will necessarily be presented on the infringement of the non-JumpGuard devices than during the first trial.

Furthermore, the two lawsuits involve different acts of infringement, and thus arise out of a different set of facts. Thus, the court cannot conclude that the same cause of action will be tried in the second litigation. In other words, "[a] device not previously before the court, and shown to differ from those structures previously litigated, requires determination on its own facts." Del Mar Avionics, Inc. v. Quinton Instrument Co., 836 F.2d 1320, 1324 (Fed. Cir. 1987); see also, e.g., Pfaff v. Wells Electronics, Inc., 5 F.3d 514, 517-18 (Fed. Cir. 1993) (res judicata does not bar a subsequent suit concerning the enforcement of a previously-litigated patent on a different device than the first suit, though the parties remain bound by the first claim construction and other patent-specific issues) (citations omitted). Thus, res judicata will not bar a second lawsuit against Hedstrom concerning the non-JumpGuard devices because the claims cannot be considered identical to the ones previously adjudicated.

The court understands that it will be a burden to Hedstrom to retry this case, but also finds it somewhat disingenuous for Hedstrom to claim that the court has somehow rendered a verdict of non-infringement for devices that Hedstrom itself claimed were not at issue in the first trial, for which no judgment was entered, and that Hedstrom itself requested that the court

exclude from consideration for retrial.  Hedstrom cannot have it both ways, and res judicata cannot be used here for Hedstrom to rethink its original strategic decision to have the non-JumpGuard products excluded in the first place.

However, the court also acknowledges that Jumpsport has never provided an adequate explanation for why it did not simply amend its contentions to add those products, and assures Hedstrom that it will ensure that similar oversights do not occur in the second trial.  Nonetheless, the court simply cannot find that Jumpsport is somehow estopped by its oversight from reasserting claims here that Hedstrom originally requested that the court exclude from the first trial.

As discussed at the May 14, 2004 case management conference, because Hedstrom has not prevailed on its motion, Jumpsport may now file a motion for summary judgment on collateral estoppel issues.  Jumpsport's opening brief shall be filed no later than October 20, 2004.  Hedstrom's opposition brief shall be filed no later than November 3, 2004, and Jumpsport's reply shall be filed no later than November 10, 2004.

This order fully adjudicates the matter listed at no. 35 on the clerk's docket for this case.

**IT IS SO ORDERED.**

Dated: September 29, 2004

_____/s/_____
PHYLLIS J. HAMILTON
United States District Judge