ORIGINAL

TOWNSEND AND TOWNSEND AND CREW LLP
PETER H. GOLDSMITH (State Bar No. 91294)
Two Embarcadero Center, Eighth Floor
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email: phgoldsmith@townsend.com

Attorneys for Plaintiff and
Counterdefendant
JUMPSPORT, INC.

**FILED**

DEC 3 0 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JUMPSPORT, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>JUMPKING, INC., a Utah corporation, et al.,<br><br>Defendants. | Case No.   C 01-4986 PJH |
| JUMPSPORT, INC., a California corporation<br><br>Plaintiff,<br><br>v.<br><br>HEDSTROM CORPORATION, a Delaware corporation; KMART CORPORATION, a Michigan corporation; TARGET CORPORATION, a Minnesota corporation; TOYS "R" US-DELAWARE, INC., a Delaware corporation; and DOES 1 through 100,<br><br>Defendant. | Case No.   C 04-0199-PJH   **E-Filing**<br><br>PLAINTIFF JUMPSPORT, INC.'S AND DEFENDANT WAL-MART STORES, INC.'S STIPULATED MOTION TO MODIFY THE INJUNCTION AND (P~~ROPOSE~~D) ORDER<br><br>Honorable Phyllis J. Hamilton |

**JUMPSPORT AND WAL-MART MOVE TO MODIFY THE INJUNCTION**

Plaintiff JumpSport, Inc., and Defendant Wal-Mart, Inc., jointly move to modify the injunction issued by the Court in the above-captioned case. No other party to this patent-infringement action

opposes this motion, which is brought in the interests of equity, not just those of the parties to this dispute. The U.S. Court of Appeals for the Federal Circuit, while retaining jurisdiction over JumpSport's still-pending appeal, has granted JumpSport and Wal-Mart a limited remand for the sole purpose of allowing them to bring this motion before this Court pursuant to their settlement agreement. See, October 19, 2005 Order, attached as Exhibit 1.

JumpSport and the Trustee of the Hedstrom estate have reached a settlement regarding sales of the trampoline enclosures that were manufactured by Hedstrom, including those that were sold to Wal-Mart. This Agreement also settled JumpSport's claims against Wal-Mart for its sales of enclosures manufactured by Hedstrom. As part of the settlement, JumpSport and Wal-Mart have agreed that the injunction issued by the district court enjoining Wal-Mart from selling trampoline enclosures manufactured by Hedstrom shall be vacated. Hedstrom, the party adjudged liable for infringement, has claimed bankruptcy and ceased to manufacture the infringing products. Wal-Mart has never been found liable for infringement.

The Ninth Circuit has held that

> a district court may vacate its own decision in the absence of extraordinary circumstances . . . in light of the consequences and attendant hardships of dismissal or refusal to dismiss and the competing values of finality of judgment and right to relitigation of unreviewed disputes.

*American Games, Inc. v. Trade Products, Inc.*, 142 F.3d 1164, 1168 (9th Cir. 1997). This Court, likewise, has held that "when mootness results from settlement, a district court may grant vacatur of its own judgment when equitable considerations counsel in favor of vacatur; a finding of exceptional circumstances is not required." *Davis, Cowell & Bone, LLP v. Social Sec. Adm.*, 281 F. Supp.2d 1154, 1156 (N.D. Cal. 2003); *see also Persistence Software, Inc. v. The Object People, Inc.*, 200 F.R.D. 626, 627 (N.D. Cal. 2001) (citing *American Games* as establishing the test for district court vacatur under Fed. R. Civ. P. 60(b)); *Blair v. Shanahan*, 919 F. Supp. 1361 (N.D. Cal. 1996).

In this case, equitable considerations clearly counsel in favor of vacatur. First, vacatur would not impose hardship upon any party to this action. Hedstrom has compensated JumpSport for its infringement, and shut down its infringing business. Every other party on both sides of this action has

PLAINTIFF JUMPSPORT, INC.'S AND DEFENDANT WAL-MART STORES, INC.'S
STIPULATED MOTION TO DISMISS CERTAIN CLAIMS AND TO AMEND THE INJUNCTION
Case No. C 01-4986 PJH

2

joined in or consented to the present motion. None would be wronged or offended by the Court's modifying the injunction as to Wal-Mart.

Second, vacatur would not interfere in any way with the finality of judgment. There is no judgment against Wal-Mart arising from its sale of the Hedstrom products, and JumpSport has released Hedstrom and Wal-Mart from any and all claims that relate to and are or could have been brought based upon any trampoline enclosure products sold by Hedstrom to Wal-Mart. Thus, neither JumpSport, Wal-Mart or Hedstrom could invoke the present judgment (or its lack)--either offensively or defensively--against any other party.

Third, there is no basis for maintaining the injunction against Wal-Mart. Wal-Mart can no longer sell Hedstrom trampoline enclosures because Hedstrom no longer makes or sells them. And Wal-Mart itself was never found liable for infringement.

Fourth, equity dictates that the injunction be modified because Wal-Mart had no input in resolving the dispute between JumpSport and Hedstrom regarding these enclosures.

For these reasons, JumpSport and Wal-Mart ask the Court to vacate the injunction in part.[1]

DATED: December 16, 2005            Respectfully submitted,

                                    TOWNSEND AND TOWNSEND AND CREW LLP

                                    By: _____
                                        PETER H. GOLDSMITH
                                        Attorneys for Plaintiff and Counterdefendant
                                        JUMPSPORT, INC.

DATED: December 16, 2005            Respectfully submitted,

                                    DUANE MORRIS LLP

                                    By: _____
                                        BARRY GOLOB
                                        Attorneys for Defendant
                                        WAL-MART, INC.

---

[1] Pursuant to the settlement, JumpSport will forthwith be submitting motions for dismissal of virtually all of the claims relating to Hedstrom.

## (~~PROPOSED~~) ORDER

The Court having considered JumpSport's and Wal-Mart's Stipulated Motion to Modify the Injunction, and good cause appearing,

IT IS HEREBY ORDERED that the injunction entered in this action on March 23, 2004 is vacated to the extent that it enjoins Wal-Mart from selling trampoline enclosures manufactured by Hedstrom.

DATED: December 30, 2005

_____
Honorable Phyllis J. Hamilton
United States District Court Judge

PLAINTIFF JUMPSPORT, INC.'S AND DEFENDANT WAL-MART STORES, INC.'S
STIPULATED MOTION TO DISMISS CERTAIN CLAIMS AND TO AMEND THE INJUNCTION
Case No. C 01-4986 PJH

4

NOTE: Pursuant to Fed. Cir. R. 47.6, this order is not citable as precedent. It is a public order.

# United States Court of Appeals for the Federal Circuit

05-1182, -1196, -1197

JUMPSPORT, INC.,

Plaintiff-Appellant,

v.

JUMPKING, INC., ICON HEALTH AND FITNESS, INC., SAM'S WEST, INC. (doing business as Sam's Club), SAM'S EAST, INC. (doing business as Sam's Club), and GLOBAL SPORTS, INC.,

Defendants-Cross Appellants,

and

WAL-MART STORES, INC.,

Defendant-Cross Appellant,

and

AMWAY CORPORATION (now known as Alticor, Inc.),

Defendant-Cross Appellant,

and

KMART CORPORATION, HEDSTROM CORPORATION, and HAMMACHER SCHLEMMER & CO., INC.,

Defendants.

ON MOTION

Before CLEVENGER, Circuit Judge.

ORDER

JumpSport, Inc. moves (1) to withdraw its August 25, 2005 motion, (2) to compel Jumpking, Inc. et al. (Jumpking) and Wal-Mart Stores, Inc. to withdraw the briefs they filed on July 26, 2005 and file substitute briefs, (3) for leave to file three separate reply briefs responding to each of the briefs of Jumpking, Wal-Mart, and Amway Corporation, and (4) to prohibit Jumpking and Wal-Mart from filing reply briefs. Wal-Mart and Jumpking each oppose. JumpSport replies. JumpSport moves without opposition for a 14-day extension of time, until September 21, 2005, to file its brief.

Jumpking and Wal-Mart are represented by separate counsel and, as such, are free to file separate briefs. JumpSport does not argue that either of their briefs exceed the 14,000 word limitation. In addition, the Federal Rules of Appellate Procedure permit a party to adopt by reference a part of another's brief. See Fed. R. App. P. 28(i).

Accordingly,

IT IS ORDERED THAT:

(1)   JumpSport's motion to withdraw its August 25, 2005 motion is granted.

(2)   JumpSport's motion to compel is denied.

(3)   JumpSport's motion for leave to file three separate reply briefs is denied.

(4)   JumpSport's motion to prohibit Jumpking and Wal-Mart from filing reply briefs is denied.

(5)   JumpSport's motion for an extension of time is granted. JumpSport's single reply brief of no more than 10,000 words is due within 14 days of the date of filing of this order.

(6) The reply briefs of Jumpking, Wal-Mart, and Amway, each containing no more than 7,000 words, are due within 14 days of the date of service of JumpSport's brief.

___9/16/05___  
Date

___[signature]___  
Raymond C. Clevenger, III  
Circuit Judge

cc: Peter H. Goldsmith, Esq.  
Timothy Q. Delaney, Esq.  
Larry R. Laycock, Esq.  
Barry P. Golob, Esq.

s17

FILED  
U.S. COURT OF APPEALS FOR  
THE FEDERAL CIRCUIT

SEP 1 9 2005

JAN HORBALY  
CLERK

## PROOF OF SERVICE

I, , certify that I am a citizen of the United States, am over the age of 18 years, and am not a party to the within action. I am employed in ; my business address is . On December 16, 2005, I served the following document: **PLAINTIFF JUMPSPORT, INC.'S AND DEFENDANT WAL-MART STORES, INC.'S STIPULATED MOTION TO MODIFY THE INJUNCTION AND (PROPOSED) ORDER** by facsimile addressed as follows:

| | |
|---|---|
| Larry R. Laycock<br>Charles J. Veverka<br>**Workman Nydegger**<br>1000 Eagle Gate Tower<br>60 East South Temple<br>Salt Lake City, Utah 84111<br>Tel: 801-533-9800<br>**Fax: 801-328-1707**<br>*Counsel for Defendants Jumpking, Inc.;*<br>*ICON Health & Fitness, Inc.; Sam's West,*<br>*Inc. dba Sam's Club; Sam's East, Inc. dba*<br>*Sam's Club; Wal-Mart Stores, Inc.; and*<br>*Global Sports, Inc.* | Jamie Isbester<br>**Isbester & Associates**<br>3169 College Avenue<br>Berkeley, CA 94705<br>Tel: 510-655-3014<br>**Fax: 510-655-3614**<br>*Counsel for Plaintiff JumpSport, Inc.* |

Thomas O'Konski
Kevin Gannon
**Cesari & McKenna, LLP**
88 Black Falcon Avenue
Boston, MA 02210-2414
Tel: 617-951-2500
**Fax: 617-951-3927**
*Counsel for Defendants Hedstrom*
*Corporation; Amway Corporation;*
*Hammacher Schlemmer & Co., Inc.; Sam's*
*West, Inc. dba Sam's Club, Sam's East, Inc.*
*dba Sam's Club; Wal-Mart Stores, Inc.; and*
*Global Sports, Inc.*

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Janine Chong