**ORIGINAL**

TOWNSEND AND TOWNSEND AND CREW LLP
PETER H. GOLDSMITH (State Bar No. 91294)
Two Embarcadero Center, Eighth Floor
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300

Attorneys for Plaintiff and
Counterdefendant
JUMPSPORT, INC.

E-Filing

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JUMPSPORT, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>HEDSTROM CORPORATION, a Delaware corporation; KMART CORPORATION, a Michigan corporation; TARGET CORPORATION, a Minnesota corporation; TOYS "R" US-DELAWARE, INC., a Delaware corporation; and DOES 1 through 100,<br><br>Defendants. | Case No.   C 04-0199 PJH<br><br>**PLAINTIFF JUMPSPORT, INC.'S AND DEFENDANTS KMART CORPORATION'S AND HEDSTROM CORPORATION'S STIPULATED MOTION TO DISMISS CERTAIN CLAIMS AND COUNTERCLAIMS** AND ORDER<br><br>Honorable Phyllis J. Hamilton |

1  Pursuant to their Settlement Agreement dated July 25, 2005, Plaintiff JumpSport, Inc.,
2  (JumpSport) Defendant Kmart Corporation (Kmart), and Defendant Hedstrom Corporation
3  (Hedstrom) jointly move to dismiss with prejudice all claims by JumpSport against Hedstrom and
4  Kmart, and all counterclaims by or on behalf of Hedstrom and Kmart against JumpSport, to the extent
5  and only to the extent that such claims and counterclaims relate to and are based upon any trampoline
6  enclosure products that were sold by Hedstrom to Kmart.
7  Specifically, Plaintiff JumpSport moves to dismiss the following claims, which are set forth in
8  its First Amended Complaint for Infringement of Patents, filed on February 20, 2004, in the above-
9  captioned case, no. C-04-1099 PJH:

¶¶ 5, 10, 19, 20, 21, 24, 25, 26, 29, 31, 32 and 33 to the extent they allege Defendant
Hedstrom has willfully or otherwise infringed and/or actively or otherwise induced
others to infringe the JumpSport Patents based upon any trampoline enclosure products
that were sold by Hedstrom to Kmart; and all claims of the First Amended Complaint
for Infringement of Patents asserted against Hedstrom in the above captioned action;

¶¶ 30, 31, 32 to the extent they allege Defendant Kmart has willfully or otherwise
infringed and/or actively or otherwise induced others to infringe the JumpSport Patents
based upon any trampoline enclosure products that were sold by Hedstrom to Kmart;
and all claims of the First Amended Complaint for Infringement of Patents asserted
against Kmart in the above captioned action.

Defendant Hedstrom moves to dismiss the following counterclaims, which are set forth in its
Answer to First Amended Complaint of Defendants Hedstrom Corporation, KMart Corporation,
Target Corporation and Toys "R" Us-Delaware, Inc. and Counterclaim of Hedstrom Corporation:

¶¶ 11, 13 to the extent they seek a declaratory judgment that none of the trampoline
enclosures sold by Hedstrom to Kmart infringe either of the JumpSport Patents.

PLAINTIFF JUMPSPORT, INC.'S AND DEFENDANTS KMART CORPORATION'S AND HEDSTROM
CORPORATION'S STIPULATED MOTION TO DISMISS CERTAIN CLAIMS AND COUNTERCLAIMS
Case No. C 04-0199 PJH

1

| | | |
|---|---|---|
| 1 | DATED: May ____, 2006 | Respectfully submitted, |
| 2 | | |
| 3 | | By: _____ |
| | | Peter H. Goldsmith |
| 4 | | |
| 5 | | TOWNSEND AND TOWNSEND AND CREW LLP |
| | | Attorneys for Plaintiff and Counterdefendant |
| 6 | | JUMPSPORT, INC. |
| 7 | DATED: May 11, 2006 | Respectfully submitted, |

DATED: May 11, 2006                Respectfully submitted,

By: _____
Kevin T. Gannon

CESARI and McKENNA, LLP
Attorneys for Defendants
HEDSTROM CORPORATION

DATED: May 11, 2006                Respectfully submitted,

By: _____
Stephen P. McNamara

ST. ONGE STEWARD JONSTON & REENS LLC
Attorneys for Defendant
KMART CORPORATION

60770413 v1

ORIGINAL

1  TOWNSEND AND TOWNSEND AND CREW LLP
   PETER H. GOLDSMITH (State Bar No. 91294)
2  Two Embarcadero Center, Eighth Floor
   San Francisco, California 94111
3  Telephone: (415) 576-0200
   Facsimile: (415) 576-0300
4
   Attorneys for Plaintiff and
5  Counterdefendant
   JUMPSPORT, INC.
6

7

8              UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11

12 | JUMPSPORT, INC., a California corporation, | Case No.  C 04-0199 PJH
13 |              Plaintiff,                     | [PROPOSED] ORDER GRANTING PLAINTIFF JUMPSPORT, INC.'S
14 |              v.                             | AND DEFENDANTS KMART CORPORATION'S AND
15 | HEDSTROM CORPORATION, a Delaware            | HEDSTROM CORPORATION'S STIPULATED MOTION TO
   | corporation; KMART CORPORATION, a           | DISMISS CERTAIN CLAIMS AND
16 | Michigan corporation; TARGET                | COUNTERCLAIMS
   | CORPORATION, a Minnesota corporation;
17 | TOYS "R" US-DELAWARE, INC., a Delaware      | Honorable Phyllis J. Hamilton
   | corporation; and DOES 1 through 100,
18 |              Defendants.

1   The parties' stipulated motion to dismiss certain claims and counterclaims, pursuant to their
2   July 25, 2005, Settlement Agreement, is **GRANTED.**
3   The following claims, which are set forth in JumpSport's First Amended Complaint for
4   Infringement of Patents, filed on February 20, 2004, in the above-captioned case, no. C-04-1099 PJH,
5   are **DISMISSED** with prejudice:

6   ¶¶ 5, 10, 19, 20, 21, 24, 25, 26, 29, 31, 32 and 33 to the extent they allege Defendant
7   Hedstrom has willfully or otherwise infringed and/or actively or otherwise induced
8   others to infringe the JumpSport Patents based upon any trampoline enclosure products
9   that were sold by Hedstrom to Kmart; and all claims of the First Amended Complaint
10  for Infringement of Patents asserted against Hedstrom in the above captioned action;
11  ¶¶ 30, 31, 32 to the extent they allege Defendant Kmart has willfully or otherwise
12  infringed and/or actively or otherwise induced others to infringe the JumpSport Patents
13  based upon any trampoline enclosure products that were sold by Hedstrom to Kmart;
14  and all claims of the First Amended Complaint for Infringement of Patents asserted
15  against Kmart in the above captioned action.

16  In addition, the following counterclaims, which are set forth in Hedstrom's Answer to First
17  Amended Complaint of Defendants Hedstrom Corporation, KMart Corporation, Target Corporation
18  and Toys "R" Us-Delaware, Inc. and Counterclaim of Hedstrom Corporation are **DISMISSED** with
19  prejudice:

20  ¶¶ 11, 13 to the extent they seek a declaratory judgment that none of the trampoline enclosures
21  sold by Hedstrom to Kmart infringe either of the JumpSport Patents.

22  Dated this ____ day of May, 2006.

23  6/2/06

24  _____
    United States District Court Judge

60775923 v1

## PROOF OF SERVICE
*JumpSport, Inc. v. Jumpking, Inc., et al.*
**Case No. C 01-4986 PJH**

I, Linda Hegenbarth, am a citizen of the United States and an employee in the City and County of San Francisco, State of California. I am over the age of eighteen and not a party to the within action. My business address is Two Embarcadero Center, 8th Floor, San Francisco, CA 94111.

On May 17, 2006, I served the following document(s): **[PROPOSED] ORDER GRANTING PLAINTIFF JUMPSPORT, INC.'S AND DEFENDANTS KMART CORPORATION'S AND HEDSTROM CORPORATION'S STIPULATED MOTION TO DISMISS CERTAIN CLAIMS AND COUNTERCLAIMS** on the parties in this action

[ ] By U.S. Mail: I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit. Fed. Rule Civ. Proc. 5(b).

[X] By Federal Express: I am "readily familiar" with the firm's practice of collection and processing of correspondence for Federal Express. Under that practice it would be deposited with Federal Express on that same day with postage thereon fully prepaid at San Francisco, California, in the ordinary course of business. CCP §1013(c).

[ ] By Personal Service by Messenger: I caused such documents to be placed in an envelope and given to an employee of First Legal Support Services with instructions to hand deliver such envelope to the below-referenced address on May 17, 2006. Fed. Rule Civ. Proc. 5(b).

[X] By Facsimile: On May 17, 2006, the document was transmitted by facsimile transmission from facsimile machine number (415) 576-0300 to the following persons at the following fax numbers:

Larry R. Laycock
Charles J. Veverka
Workman Nydegger
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT 84111

Tel: 801-533-9800
Fax: 801-328-1707

*Counsel for Defendants Jumpking, Inc.; ICON Health & Fitness, Inc.; Sam's West, Inc. dba Sam's Club; Sam's East, Inc. dba Sam's Club; Wal-Mart Stores, Inc.; and Global Sports, Inc.*

Jamie Isbester
Isbester & Associates
3169 College Avenue
Berkeley, CA 94705

Tel: 510-655-3014
Fax: 510-655-3614

*Counsel for Plaintiff JumpSport, Inc.*

1  Thomas O'Konski
   Kevin Gannon
2  Cesari & McKenna, LLP
   88 Black Falcon Avenue
3  Boston, MA 02210-2414
4  Tel: 617-951-2500
   Fax: 617-951-3927
5  *Counsel for Defendants Hedstrom
   Corporation; Amway Corporation;*
6  *Hammacher Schlemmer & Co., Inc.; Sam's
   West, Inc. dba Sam's Club, Sam's East, Inc.*
7  *dba Sam's Club; Wal-Mart Stores, Inc.; and
   Global Sports, Inc.*
8
       I declare under penalty of perjury under the laws of the State of California that the foregoing is
9  true and correct.

10     Executed on May 17, 2006, at San Francisco, California.

                                                    _____
                                                            Linda Hegenbarth

14  60775923 v1